UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-61797-CIV-ALTONAGA/O'Sullivan

**BLAISE PICCHI**, *et al.*,

    Plaintiffs,
vs.

**WORLD FINANCIAL NETWORK BANK**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") [ECF No. 129] and Memorandum in Support . . . ("Memorandum") [ECF No. 130], both filed on January 28, 2015. Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 129]** is **GRANTED** as follows:

1. Definitions. For the purposes of this Order, the Court adopts the definitions set forth in the Amended Stipulation and Agreement of Class Settlement ("Settlement Agreement") [ECF No. 129-1].

2. Preliminary Approval. The Court preliminarily approves the Settlement of the Action set forth in the Settlement Agreement as being fair, reasonable, and adequate to the Parties. Specifically, the Court finds that based on the record presented, settlement of this case for a total recovery to the Settlement Class of five million dollars ($5,0000.00) (the "Settlement Fund") to be allocated between Settlement Class Members who timely submit claim forms is a fair and

reasonable compromise of statutory damages recovery to a class under the Telephone Consumer Protection Act.

If the Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

The following class is hereby certified for settlement purposes:

i. All persons to whom Defendants placed phone calls through an automatic telephone dialing system equipment; and

ii. Where those calls occurred after March 1, 2010, and up through July 30, 2014, as reflected in Defendants' records of call activity; and

iii. Whose phone numbers were associated with cellular phones at the times of the calls; and

iv. Whose phone numbers appear in the records of Defendants in association with an account issued through Defendants and serviced by ADS Alliance Data Systems, Inc. ("ADSI") or another Released Party; and

v. Whose phone numbers appear in the records of Defendants in association with a "wrong number" code; and

vi. Who is not the named account holder whose address as established by reverse phone lookup was a person ADSI or another Released Party was attempting to communicate with.

3. Settlement Hearing. A Settlement Hearing will be held on June 2, 2015, at 8:30 a.m., at which the Court will finally determine whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether the Final Approval (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

4. Notice to Class. The parties shall submit a proposed Notice to Class for the approval of the Court within fourteen (14) days from the date of this Order.

5. Mailed Notice. No later than February 23, 2015, Defendants must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable without manual reentry. No later than March 9, 2015, the Settlement Administrator shall mail the Notice by first class mail to Settlement Class Members with Accessible Contact Information. The Settlement Administrator shall file with the Court and serve upon Settlement Class Counsel no later than 5 business days before the Settlement Hearing an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

6. Best Practicable Notice. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

CASE NO. 11-61797-CIV-ALTONAGA/O'Sullivan

7. Requests for Exclusion. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *PICCHI v. WORLD FINANCIAL NETWORK BANK*." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than 5 business days before the Settlement Hearing. Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. Objections. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection no later than 30 days before the Settlement Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendants' Counsel with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Settlement Class Members who have filed and

delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorney's Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

9. **Defendants' Denial of Liability**. The Court notes Defendants deny any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

10. **Stay of Discovery and Litigation**. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. **Injunction**. The Court bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

12. **Extension of Deadlines**. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

CASE NO. 11-61797-CIV-ALTONAGA/O'Sullivan

13. Deadline for Opt-Outs. To be legally effective, all requests for exclusion described in paragraph 7, above, must be received by the Clerk and Counsel on or before April 30, 2015. All Change of Address forms must be received by the same date.

14. Deadline for Objections. Class Member Objections, as described in paragraph 8 above, must be delivered to Class Counsel and Defendants' Counsel and filed with the Court, as directed in the Notice, on or before April 30, 2015. Objections not filed and served in a timely manner shall be deemed waived.

15. Deadline for Submitting Claim Forms. Class members who wish to receive their cash recovery in accordance with the Settlement Agreement must send in a claim form, which must be received by the Settlement Administrator on or before April 30, 2015.

**DONE AND ORDERED** in Miami, Florida, this 30th day of January, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record