UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61797-CIV-ALTONAGA/O'Sullivan

**BLAISE PICCHI**, *et al.*,

    Plaintiffs,

vs.

**WORLD FINANCIAL NETWORK BANK**, *et al.*,

    Defendants.

_____/

### SECOND AMENDED STIPULATION AND AGREEMENT OF CLASS SETTLEMENT AND ORDER GRANTING PREMLIMARY APPROVAL TO PROPOSED AMENDMENTS TO SETTLEMENT AGREEMENT

This matter comes before the Court following the completion of a settlement conference conducted at the request of the parties. Prior to that request, the parties had executed a class-wide settlement of this case, and had begun the process of implementing that settlement agreement under the Court's Preliminary Approval Order dated January 30, 2015. On February 23, 2015 Defendants turned over the "wrong number list" pursuant to paragraph 4 of the settlement agreement containing approximately 3,000,000 names. The parties disputed whether the parties could complete the settlement as drafted and approved by the Court given the number of names on the "wrong number list" provided by Defendants.

Upon the stipulation of the parties, the Court referred this matter to a settlement conference to be conducted by the Magistrate Judge assigned to this case. On April 27, 2015, the parties appeared for that settlement conference before Magistrate Judge John J. O'Sullivan. At that settlement conference, the Parties agreed to an amendment of the settlement agreement to

resolve the previously mentioned dispute over the completion of the settlement by amending the settlement agreement as follows:[1]

1. **Paragraph 1(h) is amended as follows**: "The parties have engaged in arm's length settlement negotiations before Retired Judge William J. Cahill of JAMS, San Francisco.  Judge Cahill has previously served as a mediator in dozens of class actions involving consumer protection claims, and a number of class actions involving alleged violations of the TCPA.  Judge Cahill is qualified to resolve class cases of this type and has provided his declaration supporting this settlement as fair and adequate in light of his experience in similar matters.  The parties have also engaged in three prior mediation sessions before Charles Tetunic, of Mediation, Inc.  **At the conclusion of the mediation before Judge Cahill, the parties resolved this matter and submitted the matter for preliminary approval before the Court.  At that time the Court rejected the settlement for lack of proof of numerosity and directed the parties amend the proposed settlement agreement.  Following that ruling, the parties engaged in extensive negotiations to revise the settlement.  The parties then submitted a revised settlement which the Court approved. Following that approval, the parties began their implementation of that settlement and a dispute arose as to whether the parties could complete the settlement as drafted and approved by the Court given the number of phone numbers on the "wrong number list" provided by Defendants.  Pursuant to the stipulation of the parties, the Court referred the matter to Magistrate Judge John O'Sullivan for resolution of that dispute. Following a settlement conference, under Judge O'Sullivan's supervision, the parties agreed to amendments to the settlement agreement, subject to the approval of the Court**.  The parties engaged in these mediation sessions **and settlement conference** without any prearranged agreements or compensation to either party beyond that disclosed in this agreement."

2. **Paragraph 3(e) is amended in its entirety, as follows:**
    e. Within 30 days after the Court's issuance of an order granting preliminary approval of the class settlement, Defendants will establish, or have established on their behalf, a settlement fund in the maximum amount of $7,900,000 (the "Maximum Fund") to settle the *Picchi* action in its entirety and to obtain a release of all claims in favor of Defendants as set forth herein.  Defendants also agree to pay any and all administration fees and costs. Defendants shall pay to the Administrator, in increments, and as is necessary, any amounts needed for class administration purposes.  With regard to the funds to be paid to the class and any attorneys' fees and costs ordered to be paid by the court, after final

---

[1] All language appearing in the original agreement or the proposed revisions are noted in Arial font ("Settlement Language") New language inserted into the agreement is designated with bolded, underlined text ("**Underlined**").  Provisions that are removed are designated with strikethrough text ("~~Strikethrough~~").  To the extent the paragraph is amended substantially, the paragraph will be noted as such and only regular Times Roman font will be used.

approval of this settlement by the District Court, Defendants shall tender the remainder of the settlement fund to the class administrator within thirty (30) days after the date of the final approval Order.

f. **Paragraph 3(l) is amended as follows**: "The Defendants shall be responsible, through assistance from the class administrator, for preparing and delivering any notifications ("CAFA Notices") required by the Class Action Fairness Act, 28 U.S.C. 1332(d), 1453, and 1711 through 1715 and shall file a copy of the CAFA Notices with the Court together with proof of service of same. **Defendant shall deliver a revised CAFA Notice within 14 days of entry of the Court's order approving the SECOND AMENDED STIPULATION AND AGREEMENT OF CLASS SETTLEMENT to all required recipients.**

g. **Paragraph 4(a) is amended as follows**: "Wrong Number Listing Compilation. The parties acknowledge that the **complete** Wrong Number List **has been submitted to the Class Administrator and Class Counsel on February 23, 2015, and there will be no additions to that list.** The parties acknowledge that the Wrong Number List contains cell phone numbers and land line numbers.

**Paragraph 4(b) is amended in its entirety, as follows:** Scrubbing of Wrong Number List. Within 30 days after receiving the Wrong Number List, at the option of defendants, defendants' consultants or the Class Administrator will "scrub" the Wrong Number List to identify those phone numbers that are associated with a cell phone (wireless service) ("Scrubbed List"). Within 15 business days after the cell phone numbers are identified, at the option of defendants, defendants or the class administrator will conduct a reverse look up, using reliable sources, of the relevant cell phone numbers, only, to obtain name and address information associated with the identified cellular phone numbers.

**Paragraph 4(c) is amended in its entirety, as follows:** 4(c) Compilation of Class List. Within 45 Days of receiving the List of cell phone numbers with addresses identified through the reverse look up process, Defendants will compile a list of Class Members ("Class List") by cross referencing the list of the cell phone numbers with names and addresses, against the list of account holders/customers of Defendants contained in its account records. Those persons whose names and primary addresses match the names and addresses asociated with the account in Defendants' records will be excluded from the Class. All remaining persons will be potential members of the Class and will be included in the Class List, subject to other criteria as set forth in Section 5.

h. **Paragraph 6(d) is amended as follows**: "The Class Representatives will each receive an incentive award of **~~$10,000.00~~ $12,500.00**, as a Class Representative Award, to be paid from the Settlement Fund."

3

    i. **Paragraph 8 (b) is amended as follows**: *"*The Named plaintiffs and each member of the Class agree not to start, continue, intervene in, participate in, or receive any benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding against Defendants or "Released Parties" and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint venture(s), assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives in any jurisdiction based upon, or relating to, any claims, facts, or circumstances which are covered by the Action, or by this Settlement Agreement except as provided herein. **Provided, however, nothing in this paragraph shall be construed to prohibit Class Members from participating in or receiving benefits from any government or regulatory enforcement action.**"

    j. **Paragraph 9(b) is amended in its entirety as follows:** "Defendants agree to pay **all** ~~any~~ costs of notice and administration ~~that is in excess of $500,000~~ **of the Settlement in addition to The Maximum Fund without any deduction from that fund**. To the extent that any surplus in the Settlement Fund remains after all class claims have been paid, and before any amounts are to be distributed to any *cy pres* recipient, such surplus shall be used to reimburse Defendants for any amounts paid by Defendants for notice and administration costs."

**Paragraph 9(c) is amended as follows**: "~~In the event that the Wrong Number List exceeds 1,000,000 people, Plaintiffs may elect to terminate this Settlement Agreement and proceed to litigate the case on the merits without any adverse inferences as set forth above.~~ Plaintiffs may ~~also~~ terminate this Agreement in the event that any formal objection to the settlement is determined to be meritorious.

The Court has been advised by the Magistrate Judge that the Parties have appeared before him for the previously ordered settlement conference. The Court finds as follows:

The proposed revisions to the settlement agreement set forth above were the product of arms-length negotiations of the parties conducted before an officer of the Court, without collusion.

4

Case No. 11-61797-CIV-ALTONAGA

The proposed revisions fall within the range of reasonable settlements for a matter of this type. The Court preliminarily approves the proposed revised terms above to the Settlement of the Action set forth in the Settlement Agreement as being fair, reasonable, and adequate to the Parties. Specifically, the Court finds that based on the record presented, settlement of this case for a total recovery to the Settlement Class of seven million nine hundred thousand dollars ($7,900,000.00) (the "Settlement Fund") to be allocated between Settlement Class Members who timely submit claim forms is a fair and reasonable compromise of statutory damages recovery to a class under the Telephone Consumer Protection Act.

The previous Orders of the Court and relative dates for implementation of the settlement remain in place, subject to the following revisions of the schedule set forth in the preliminary approval order dated January 30, 2015 [ECF No. 131], as follows. The Court directs the Parties and Class administrator to issue notice of the settlement to the putative class (Paragraph 5 of [ECF No. 131]) by July 31, 2015. "Opt outs" (Paragraph 13 of [ECF No.131]); objections (Paragraph 14 of [ECF No.131]); and claims (Paragraph 15 of [ECF No.131]) must be postmarked no later than October 6, 2015. The Court will hold its Final Fairness Hearing (Paragraph 3 of [ECF No.131]) on **December 18, 2015, at 9:00 a.m.**, at which time the Court will finally determine whether the Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether Final Approval (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of May, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**